# EXHIBIT A

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA



*Filed and Attested by the
Office of Judicial Records
28 OCT 2024 04:54 pm
G. IMPERATO*

Gabrielle-Maria Khmelevskaya

v.

Better Health P.T.Corp., Inc., et al.

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania  19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Asociacion De Licenciados<br>De Filadelfia<br>Servicio De Referencia E<br>Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania  19107<br>(215) 238-6333<br>TTY (215) 451-6197 |

10-284

Case ID: 241003657

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GABRIELLE-MARIA KHMELEVSKAYA<br>441 Tomlinson Road, Apt G15<br>Philadelphia, PA 19116<br><br>   Plaintiff,<br> v.<br><br>BETTER HEALTH P.T.CORP., INC.<br>d/b/a Better Health Physical Therapy<br>11685-D Bustleton Ave<br>Philadelphia, PA 19116<br>   and<br>GELENA BROUSALINSKI<br>11685-D Bustleton Ave<br>Philadelphia, PA 19116<br>   and<br>RANDY BROVENDER<br>11685-D Bustleton Ave<br>Philadelphia, PA 19116<br><br>   Defendants. | CIVIL ACTION<br><br>No.:<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Gabrielle Khmeleveskaya (hereinafter referred to as "Plaintiff," unless indicated otherwise) against Better Health P.T. Corp., Inc. d/b/a Better Health Physical Therapy, Gelena Brousalinski, and Randy Brovender (hereinafter collectively referred to as "Defendants," unless indicated otherwise) for violations of the Pennsylvania Human Relations Act ("PHRA") and the False Claims Act ("FCA" - 31 U.S.C. § 3730(h)(1). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

Case ID: 241003657

## VENUE

2. Venue is properly laid in Philadelphia County pursuant to Rule 1006(a) of the Pennsylvania Rules of Civil Procedure because the transactions and occurrences from which the instant action arises occurred in that County.

## PARTIES

3. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

4. Plaintiff is an adult individual and resides at the above-captioned address.

5. Better Health P.T. Corp., Inc. (hereinafter "Defendant BH" where referred to individually) operates at the above-captioned address and offers on-site Physical Therapy services. Defendant BH as used here should be construed to include all parent, subsidiary and affiliated entities which may properly be construed as Plaintiff's single, joint and/or integrated (potential) employer(s).

6. The owners (and high-level management) of Defendant BH are Gelena Brousalinski (hereinafter "Brousalinski) and her son, Randy Brovender (hereinafter "Defendant Brovender)[1], who manage all operations and aspects of Defendant BH.

7. At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

---

[1] Defendant Brousalinski and Defendant Brovender will hereinafter be referred to as "Defendant Individuals" where referred to collectively.

## FACTUAL BACKGROUND

8. Plaintiff was hired by Defendants in or about early October of 2023, as a Front Desk Receptionist; and in total, she was employed with Defendants for approximately 3.5 months.

9. Plaintiff had previous experience as a receptionist at a nearby Physical Therapy office, which made her an ideal candidate for her position with Defendants.

10. Plaintiff was paid $16.00 per hour (as of termination) and typically worked at least 25-30 hours per week for Defendants.

11. Plaintiff was unlawfully terminated effective on or about January 10, 2023, for discriminatory and retaliatory reasons (discussed further *infra*).

12. During the first few months of Plaintiff's employment, she had been repeatedly commended, told she was excellent, and received a merit-based pay increase ($15 per hour to $16 per hour).

13. Plaintiff was such a good employee that she was given a Christmas bonus, a present, and told she would receive other compensation during her growth.

14. Plaintiff however suffers from disabilities including but not limited to Rheumatoid Arthritis, a compromised immune system (an autoimmune disorder), and other health complications (collectively, her disabilities), that at times limit one or more major life activities, such as concentrating, standing, bending, and walking.

15. As a result of her aforementioned disabilities, Plaintiff requested a reasonable accommodation of starting work at 10:00 AM instead of 9:30 AM. Plaintiff explained to Defendants that she had substantial difficulty physically moving in early mornings and the slightly later start time would help her.

16. Defendants granted Plaintiff's aforesaid accommodation request, and she continued to perform her job very well with the slightly adjusted work schedule for an extended period of time.

17. Defendants were well aware of Plaintiff's aforesaid disabilities through her communications with them and also because it was apparent that Plaintiff moved around with obvious physical difficulty at times due to her disabilities.

18. However, Plaintiff's role as receptionist was generally sedentary, and she was extremely thorough and well-liked by clientele. Plaintiff thus excelled at her entire role irrespective of her health struggles (which did not impact her performance).

19. Sometime after the start of Plaintiff's employment, she noticed that Defendants were falsifying Physical therapy session logs and notes. Plaintiff came to this conclusion based on her former experience doing the same/similar tasks at another nearby physical therapy practice and noticing the differences and discrepancies in Defendants' reporting compared to her former position.

20. For context, Defendants often treated patients who were attending Physical Therapy post automobile accidents and that had related personal injury lawsuits.

21. Plaintiff noticed that Defendants would sometimes backdate logs and/or sign those patients in, even though the patients did not actually attend a therapy session.

22. Upon information and belief, those aforementioned manufactured session logs and accompanying notes were sent to insurance companies and/or attorneys handling any lawsuits related to the automobile accident.

23. Upon information and belief, Defendants also submitted payment reimbursement claims for the falsified physical therapy sessions to Medicaid and/or Medicare.

24. Therefore, upon information and belief, Defendants were fraudulently billing services to Medicaid and Medicare.

25. Plaintiff reported the patient log and note discrepancies to Defendants' management, expressing concerns about fraudulent billing to insurance companies, Medicaid, and Medicare; however, (1) her complaints were dismissed; (2) Defendants continued to falsify patient logs; (3) Defendants instructed Plaintiff to falsify patient logs; and (4) management acted as if they were frustrated with Plaintiff complaining about the falsifications.

26. On or about January 7, 2024, just days before Plaintiff's termination, she contracted a difficult case of COVID-19, which exacerbated her aforementioned preexisting disabilities.

27. Claimant informed Respondents that she may have had COVID *but that in conjunction with her other health problems*, she was very much struggling and needed the approximate 3 days off from work to ensure she did not further exacerbate her aforementioned preexisting disabilities.

28. However, on or about January 10, 2024, when Plaintiff was well enough to return to work, Defendants texted her and informed her that she was terminated effective immediately, reasoning that her health made her an unreliable employee.

29. Defendants' comments about Plaintiff's health as a reason for her termination is <u>direct evidence</u> of discrimination and retaliation.

30. Even if Defendants attempt to falsely deny making point-blank discriminatory comments to Plaintiff for her termination, such denials would be futile, as such discriminatory comments ***were separately handwritten by Defendant Brousalinski in government documentation***.

31. Defendant Brousalinski filled out an "Employment Termination Form" for Plaintiff to provide to the Pennsylvania Department of Human Services (as Claimant receives financial assistance for medical problems).

32. In the aforesaid Employment Termination Form under the section asking for "the reason for the employee's termination," Defendant Brousalinski wrote: "patient's health issues making work tasks difficult."

33. Additionally, permitting an employee to take time off for a medical leave is a *medical accommodation* protected under the Pennsylvania Human Relations Act ("PHRA").[2]

34. Despite the fact that someone needing weeks or months off may be protected for as a reasonable accommodation under the PHRA, Plaintiff merely required **approximately 3 days** (a *per se* protected reasonable accommodation).

35. Upon information and belief, the collective decision to terminate Plaintiff was made by Defendant Individuals. *See e.g. Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 497 (M.D. Pa. 2005) (outlining that the PHRA permits claims against supervisors or owners who are directly responsible for aiding or abetting any violation of the law).

36. Plaintiff believes and therefore avers that she was discriminated against and retaliated against in violation of the PHRA and the FCA.

---

[2] The PHRA and ADA are interpreted identically with respect to accommodations. *See e.g. Bernhard v. Brown & Brown of Lehigh Valley*, Inc., 720 F.Supp.2d 694 (E.D. PA 2010)(time off from work, even up to 3 months can constitute a reasonable accommodation); *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135 (3d Cir. 2004)(courts have permitted leave to be a reasonable accommodation under anti-discrimination laws); *Shannon v. City of Philadelphia*, WL 1065210 (E.D. Pa. 1999)(time off from work for an extended period of time is a reasonable accommodation).

Case ID: 241003657

## Count I
## Violations of the Pennsylvania Human Relations Act ("PHRA")
([1] Actual/perceived/Record of Disability Discrimination; [2] Retaliation; and
[3] Failure to Accommodate)
-Against All Defendants-

37. The foregoing paragraphs are incorporated herein in their entirety as though set forth in full.

38. Plaintiff actual, perceived, and/or record-of disabilities were a motivating and/or determinative factor in Defendants' decision to terminate Plaintiff's employment.

39. Additionally, Plaintiff was terminated for seeking medical accommodations (modification of scheduling and/or very minimal time off from work). Accommodations are a form of "protected activity," and any retaliation is strictly prohibited by the PHRA.

40. These actions as aforesaid constitute violations of the Pennsylvania Human Relations Act ("PHRA").

## Count II
## Violations of the False Claims Act ("FCA")
(Retaliatory Termination)
- Against Defendant BH Only -

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Plaintiff was terminated by Defendants for reporting activities in violation of the False Claims Act ("FCA") and for engaging in FCA protected complaints.

43. Defendants' action of discharging Plaintiff from her job in retaliation for engaging in protected activity under the FCA constitutes unlawful retaliation in violation of the FCA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

Case ID: 241003657

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to reinstatement, back pay, double back pay, interest, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, and seniority;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

E. Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

    Respectfully submitted,

    **KARPF, KARPF, & CERUTTI, P.C.**

    By: _/s/ Ari R. Karpf_
    Ari R. Karpf, Esq.
    8 Neshaminy Interplex Drive
    Suite 210
    Feasterville, Trevose, PA 19053
    (215) 639-0801

Date: October 28, 2024

## **VERIFICATION**

      The undersigned states that the facts in the foregoing Complaint are true and correct to the best of her knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to sworn and unsworn statements.

*[signature]*

Gabrielle-Maria Khmelevskaya

Date: 10/28/2024

Ari R. Karpf, Esquire
8 Interplex Drive, Suite 210
Trevose, PA 19053
(215) 639-0801



*Filed and Attested by the
Office of Judicial Records
12 NOV 2024 02:15 pm
L. BREWINGTON*

**Commonwealth of Pennsylvania
In the Court of Common Pleas
Philadelphia County**

Gabrielle-Maria Khmelevskaya
v.
Better Health P.T. Corp., Inc., et al

Case No.:24-10-3657

Commonwealth of Pennsylvania
County of Philadelphia   ss

### AFFIDAVIT OF CORPORATE SERVICE

I, **Thomas J. Crean, Jr.**, being duly sworn according to the law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

| | |
|---|---|
| PARTY SERVED: | Better Health P.T. Corp., Inc. d/b/a Better Health Physical Therapy |
| DOCUMENTS SERVED: | Complaint |
| BY SERVING UPON: | Gelena Brousalinski, Person in Charge |
| DATE & TIME OF SERVICE: | 10/30/2024  1:33 PM |
| PHYSICAL DESCRIPTION: | Age: 53    Weight: 120    Hair: Blonde<br>Sex: Female  Height: 5'6"  Race: Caucasian |
| SERVED ADDRESS: | 11685D Bustleton Avenue<br>Philadelphia, PA 19116 |

I hereby affirm that the information contained in the Affidavit of Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.



Subscribed and sworn before me, a Notary Public, this 30th day of October, 2024.

*Melissa Petrowski*

Melissa Petrowski, Notary Public
Bucks County
My Commission expires on: 8/29/2027

Order #P221398

Thomas J. Crean, Jr.
Dennis Richman's Services for the Professional, Inc
4 Neshaminy Interplex Drive, Suite 108,
Trevose, PA 19053
(215) 977-9393



Case ID: 241003657

Ari R. Karpf, Esquire
8 Interplex Drive, Suite 210
Trevose, PA 19053
(215) 639-0801



*Filed and Attested by the
Office of Judicial Records
12 NOV 2024 02:15 pm
L. BREWINGTON*

**Commonwealth of Pennsylvania
In the Court of Common Pleas
Philadelphia County**

Gabrielle-Maria Khmelevskaya

v.

Better Health P.T. Corp., Inc., et al

Case No.:24-10-3657

Commonwealth of Pennsylvania
County of Philadelphia   ss

## AFFIDAVIT OF PERSONAL SERVICE

I, **Thomas J. Crean, Jr.,** being duly sworn according to the law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

| | |
|---|---|
| PARTY SERVED: | **Gelena Brousalinski** |
| DOCUMENTS SERVED: | **Complaint** |
| DATE & TIME OF SERVICE: | **10/30/2024  1:33 PM** |
| PHYSICAL DESCRIPTION: | **Age: 53      Weight: 120      Hair: Blonde**<br>**Sex: Female   Height: 5'6"    Race: Caucasian** |
| SERVED ADDRESS: | **11685D Bustleton Avenue**<br>**Philadelphia, PA 19116** |

By delivering a true copy to Gelena Brousalinski and informing him/her of the contents.

I hereby affirm that the information contained in the Affidavit of Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.



GPS: 40.1189305555556;-75.01793611111111

Subscribed and sworn before me, a Notary
Public, this 30th day of October, 2024

*Melissa Petrowski*

Melissa Petrowski, Notary Public
Bucks County
My Commission expires on: 8/29/2027

Order #P221399

Thomas J. Crean, Jr.
Dennis Richman's Services for the Professional, Inc
4 Neshaminy Interplex Drive, Suite 108,
Trevose, PA 19053
(215) 977-9393



Case ID: 241003657

Ari R. Karpf, Esquire
8 Interplex Drive, Suite 210
Trevose, PA 19053
(215) 639-0801

**Commonwealth of Pennsylvania
In the Court of Common Pleas
Philadelphia County**



*Filed and Attested by the
Office of Judicial Records
12 NOV 2024 02:15 pm
L. BREWINGTON*

Gabrielle-Maria Khmelevskaya

v.

Better Health P.T. Corp., Inc., et al

Case No.:24-10-3657

Commonwealth of Pennsylvania
County of Philadelphia   ss

## AFFIDAVIT OF SUBSTITUTED SERVICE

I, **Thomas J. Crean, Jr.,** being duly sworn according to the law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

| | |
|---|---|
| PARTY SERVED: | **Randy Brovender** |
| DOCUMENTS SERVED: | **Complaint** |
| BY SERVING UPON: | **Gelena Brousalinski, Person in Charge** |
| DATE & TIME OF SERVICE: | **10/30/2024  1:33 PM** |
| PHYSICAL DESCRIPTION: | Age: 53   Weight: 120   Hair: Blonde
Sex: Female   Height: 5'6"   Race: Caucasian |
| SERVED ADDRESS: | **11685D Bustleton Avenue
Philadelphia, PA 19116** |

I hereby affirm that the information contained in the Affidavit of Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.



GPS: 40.1189305555556;-75.0179361111111
Order # P221358
Date: 10/30/24 1:34 PM
Latitude 40.118502
Longitude -75.017935

Subscribed and sworn before me, a Notary
Public, this 30th day of October, 2024

*Melissa Petrowski*

Melissa Petrowski, Notary Public
Bucks County
My Commission expires on: 8/29/2027

Thomas J. Crean, Jr.
Dennis Richman's Services for the Professional, Inc
4 Neshaminy Interplex Drive, Suite 108,
Trevose, PA 19053
(215) 977-9393



Case ID: 241003657

Order #P221400